IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| PERFECT BROW ART, INC., ) | |
| ) | Civil Action No. |
| Plaintiff, ) | |
| ) | Judge: |
| v. ) | |
| ) | Magistrate Judge: |
| SEJAL PATEL and S&A PATEL, LLC, ) | |
| ) | |
| Defendants. ) | |

**COMPLAINT**

Plaintiff, Perfect Brow Art, Inc., by and through its attorneys, alleges against defendant Sejal Patel and defendant S&A Patel (collectively "Defendants") as follows:

**NATURE OF THE ACTION**

1. This action seeks declaratory relief, compensatory damages, punitive damages, and attorney's fees and costs for breach of contract and relevant claims arising from a business relationship between Perfect Brow Art, Inc. and Sejal Patel.

2. This action further seeks preliminary and permanent injunctive relief and damages pursuant to the Lanham Act (15 U.S.C. §1114 and 15 U.S.C. §1125 *et. seq.*); the Illinois Deceptive Trade Practices Act (815 ILCS 510/1 *et. seq.*); the Illinois Consumer Fraud and Deceptive Business Practices Act (815 ILCS 505/1, *et. seq.*); and, for unfair competition pursuant to Illinois common law. This action also seeks a declaratory judgment pursuant to the Declaratory Judgment Act (28 U.S.C. § 2201).

**JURISDICTION AND VENUE**

3. This Court has original subject matter jurisdiction over the claims in this action pursuant to the provisions of the Lanham Act, 15 U.S.C. § 1051 et. seq., 28 U.S.C. § 1338(a)-(b) and 28 U.S.C. § 1331. This Court has jurisdiction over the claims in this action that arise under the laws of the State of Illinois

pursuant to 28 U.S.C. § 1367(a), because the state law claims are so related to the federal claims that they form part of the same case or controversy and derive from a common nucleus of operative facts.

4. Plaintiff is informed, believes, and thereon alleges that Defendants have sufficient contact with this district generally and, in particular, with the events here alleged, including, but not limited to its business activities involving the advertising and sale of its goods and/or services over the Internet to the citizens of Illinois, so as to subject it to both personal jurisdiction this court and to make this Court a proper venue pursuant to 28 U.S.C. §1391.

## THE PARTIES

5. Plaintiff, Perfect Brow Art, Inc. ("Plaintiff"), is an Illinois corporation with its principal place of business at 3223 Lake Ave., Suite 15C, Wilmette, Illinois 60091. Plaintiff provides eyebrow, facial, and body threading and related services within the United States and abroad. Plaintiff is the owner of several famous United States Patent and Trademark Office Trademark Registrations.

6. Sejal Patel (hereinafter "Patel") is an individual residing in Connecticut. Upon information and belief, Patel has part ownership interest in S&A Patel, LLC (collectively "Defendants").

7. Upon information and belief, S&A Patel, LLC has full ownership of Eye Brow Art Threading Salon (hereinafter "Eye Brow Art").

8. Patel was formerly employed by Plaintiff as an at will employee.

9. Eye Brow Art does business in Connecticut with a principal place of business at 985-d Poquonnock Rd., Groton, Connecticut 06340. Eye Brow Art also provides eyebrow, facial, and body threading and related services within the United States.

## STATEMENT OF FACTS

### Plaintiff's Trademarks and Associated Rights

10. Plaintiff is the owner of the United States Trademark Registration Nos. 3931415 and 4240478 for the mark BROW ART 23 for use in connection with "facial and body threading, namely, hair removal service in conjunction with the use of a thread from eyebrows, chin, upper and/or lower lip, forehead, arms, legs, back, and chest area" in International Class 44. **Exhibit A and B respectfully.**

11. Plaintiff is the owner of the United States Trademark Registration No. 4373078 for the mark BROW ART for use in connection with "hair removal services in the nature of facial and body threading" in International Class 44. **Exhibit C.** (Registration Nos. 3931415, 4240478 and 4373078 collectively referred to as "the Plaintiff's Registrations" or "Plaintiff's Marks".)

12. Plaintiff's Registrations are valid, subsisting, and in full force and effect, and constitute evidence of validity of the Marks and of Plaintiff's exclusive right to use the marks in connection with the services identified in the registration.

13. Plaintiff has used the BROW ART 23 and BROW ART marks in the U.S. since at least as early as May of 2008 with regard to the above iterated services, and continues to use and promote the Plaintiff's Marks in connection with such services.

14. Plaintiff has spent a considerable amount of money, time, and energy with the promotions of its services promoted and rendered under the Marks and as a result a significant amount of goodwill has attached to the Plaintiff's Marks, making the Marks a valuable and irreplaceable asset of Plaintiff's business.

15. The Marks are entitled to a broad scope of protection by virtue of Plaintiff's continuous, exclusive and widespread use of the Marks for nearly ten years.

16. As a result of longstanding and extensive use in commerce and wide recognition among the purchasing public, Plaintiff's Marks have become distinctive as an indication of the source of such branded goods and services.

17. Notwithstanding Plaintiff's rights in and to the Marks, upon information and belief, in December of 2017, Defendants began using the mark Eye Brow Art in a confusingly similar manner as Plaintiff's Marks in connection to eyebrow, facial, and body threading.

18. Upon information and belief, as a former employee of Plaintiff, Defendants have been on notice of Plaintiff's exclusive rights in the Plaintiff's Marks at least since the year of 2012.

19. Defendants' improperly use the Plaintiff's Marks. This use is such as to create a likelihood of confusion regarding the source or origin of Defendants' services. This use falsely implies that the Defendants' services are rendered with Plaintiff's consent to and involvement therewith. This use also falsely implies approval, affiliation, and/or sponsorship between Plaintiff and Defendants where there is none.

20. The use of the Plaintiff's Marks by Defendants is diluting the famous and distinctive quality of those Marks and impairing Plaintiff's ability to obtain contracts with third parties in the future.

21. Defendants knowingly, willfully, and intentionally infringed Plaintiff's Marks and the rights afforded by Plaintiff's Registrations.

22. On information and belief, Defendants have received profits from its infringing use of Plaintiff's Marks.

23. Upon information and belief, Defendants knew of Plaintiff's Marks at the time or before it adopted its Eye Brow Art mark.

24. Plaintiff's Registrations issued on March 15, 2011, November 13, 2012, and July 23, 2013, all of which dates prior to Defendants' first use of Eye Brow Art.

25. Discovery or further investigation is likely to show evidentiary support that the Defendants are taking affirmative steps to increase that use dramatically in connection with goods and/or services related to hair removal in the nature of facial and body threading.

**Plaintiff's Trade Secrets and Misappropriation thereof**

26. Plaintiff owns certain trade secrets, including but not limited to, technical and non-technical data, techniques, processes, financial data, client lists, and business records ("Trade Secrets and Confidential Information").

27. Plaintiff's Trade Secrets and Confidential Information are the subject of efforts that are reasonable under the circumstances to maintain their secrecy and confidentiality.

28. Upon information and belief, in June 2012, Plaintiff hired defendant Patel as an at-will employee.

29. In line with Defendant Patel's duties, she had access to Plaintiff's Trade Secrets and other confidential information of Plaintiff.

30. Upon information and belief, Defendant Patel acquired, copied, removed, transferred, and shared Plaintiff's Trade Secrets to Defendant S&A Patel, LLC for Eye Brow Art's economic gain and to the economic detriment of Plaintiff.

31. Upon information and belief, Defendants have incorporated Plaintiff's Trade Secrets and Confidential Information into the operations, processes, procedures, and services of Defendant S&A Patel, LLC's Eye Brow Art Threading Salon.

**Plaintiff and Defendant Patel's Contractual Relationship**

32. Upon information and belief, on June 12, 2012, Plaintiff and Defendant Patel had entered into a contract regarding defendant Patel's at will employment with Plaintiff ("Employment Contract"). By the terms of this contract, Defendant Patel was not to communicate, divulge, or use any of the

Plaintiff's Trade Secrets or other Confidential Information for any reason other than the sole exception of benefitting Plaintiff.

33. Plaintiff performed its obligations under the Employment Contract.

34. Defendant Patel failed to perform its obligations under the Employment Contract. Defendant Patel failed to take all steps reasonably necessary and/or requested by Plaintiff to ensure that the Trade Secrets and other Confidential Information were kept confidential.

35. Upon information and belief, Defendants have been using Plaintiff's client lists, trade secrets, and business records to solicit customers.

36. Defendant Patel's failures to perform the terms of the Employment Contract constitutes a material breach of said contract.

## COUNT I: ILLINOIS TRADE SECRETS ACT
## MISAPPROPRIATION OF PLAINTIFF'S TRADE SECRETS AND UNJUST ENRICHMENT

37. Plaintiff hereby realleges and reaffirms paragraphs 1 through 35 of this complaint, as if the same were herein set forth verbatim.

38. The aforesaid wrongful acts of Defendants constitute trade secret misappropriation and unjust enrichment under the Illinois Trade Secrets Act, 765 ILCS 1065/1 *et seq*.

## COUNT II: TRADEMARK INFRINGEMENT AND FALSE DESIGNATION OF ORIGIN

39. Plaintiff hereby realleges and reaffirms paragraphs 1 through 37 of this complaint, as if the same were herein set forth verbatim.

40. Plaintiff's BROW ART mark is completely subsumed into the defendants' Eye Brow Art mark.

41. Upon information and belief, Defendants used, continue to use, and intend to continue to use Plaintiff's Marks without permission, and willfully, knowingly, and intentionally violate Plaintiff's rights under 15 U.S.C. §§ 1114 and 1125(a) by their unauthorized use of the Plaintiff's Marks in a such a way to falsely suggest to the consuming public that there exists an association or affiliation between

Plaintiff's and Defendants' services and/or that Plaintiff has sponsored or endorsed Defendants' sale of services under Plaintiff's Marks.

42. Defendants' actions have caused Plaintiff to lose control over the reputation and goodwill associated with Plaintiff's Marks.

43. By reason of Defendants' acts as above alleged, Plaintiff has suffered and continues to suffer damage and injury to its business, reputation and goodwill, and will sustain serious loss of revenue and profits in an indeterminate amount.

44. Unless enjoined by this Court, Defendants will continue to do the acts complained of herein all to the immediate, irreparable harm of Plaintiff. Plaintiff has no adequate remedy at law.

## COUNT III: UNFAIR COMPETITION AND DECEPTIVE TRADE PRACTICES

45. Plaintiff hereby realleges and reaffirms paragraphs 1 through 42 of this complaint, as if the same were herein set forth verbatim.

46. Upon information and belief, Defendants used, continue to use, and intend to continue to use Plaintiff's Marks without permission, and willfully, knowingly, and intentionally engage in unfair competition and deceptive trade practices under federal law (15 U.S.C. §§ 1114 and 1125(a)) by their unauthorized use of Plaintiff's Marks.

47. Defendants' actions have caused Plaintiff to lose control over the reputation and goodwill associated with Plaintiff's Marks.

48. By reason of Defendants' acts as above alleged, Plaintiff has suffered and continues to suffer damage and injury to its business, reputation and goodwill, and will sustain serious loss of revenue and profits in an indeterminate amount.

49. Unless enjoined by this Court, Defendants will continue to do the acts complained of herein all to the immediate, irreparable harm of Plaintiff. Plaintiff has no adequate remedy at law.

**COUNT IV: VIOLATION OF THE FEDERAL DILUTION STATUTE**

50. Plaintiff hereby realleges and reaffirms paragraphs 1 through 47 of this complaint, as if the same were herein set forth verbatim.

51. Plaintiff is the exclusive owner of the BROW ART 23 and BROW ART federal trademark registrations in the United States.

52. Since the introduction of Plaintiff's BROW ART Mark in 2008, Plaintiff's Mark has achieved enormous and widespread public recognition and as a result has become famous for the goods/services covered in Plaintiff's Registrations.

53. The Plaintiff's BROW ART 23 and BROW ART marks are famous within the meaning of Section 43(c) of the Lanham Act (15 U.S.C. § 1125 (c)).

54. Based on the Plaintiffs' extensive sales of services, marketing and advertising of the Plaintiff's Marks in the United States and abroad, Plaintiff's Marks have become inherently distinctive and famous pursuant to 15 U.S.C. § 1125(c).

55. Defendants' commercial use of Eye Brow Art in a confusingly similar manner as Plaintiff's Marks, as well as Defendant's efforts to pass their services as being marketed, sponsored, affiliated, licensed or otherwise approved by Plaintiff, is likely to dilute, actually dilutes, and will continue to dilute the Plaintiff's famous and distinctive Marks associated to the famous and distinctive BROW ART 23 and BROW ART Marks by tarnishment and blurring.

56. By reason of Defendants' acts alleged above, Plaintiff has suffered and will continue to suffer damage and injury to its business, reputation, good will and ability to obtain contracts with third parties in the future, and will sustain serious loss to the distinctive quality of its famous Marks.

57. Unless Defendants are enjoined from their wrongful conduct, Plaintiff will continue to suffer irreparable injury and harm, for which Plaintiff has no adequate remedy at law.

## COUNT V: ILLINOIS UNIFORM DECEPTIVE TRADE PRACTICES ACT

58. Plaintiff hereby realleges and reaffirms paragraphs 1 through 55 of this complaint, as if the same were herein set forth verbatim.

59. Upon information and belief, Defendants used, continue to use, and intend to continue to use Plaintiff's Marks without permission, and willfully, knowingly, and intentionally violate Plaintiff's rights by their unauthorized use of the Plaintiff's Marks in a such a way to falsely suggest to the consuming public that there exists an association or affiliation between Plaintiff and Defendants services and/or that Plaintiff has sponsored or endorsed Defendants' sale of services under Plaintiff's Marks.

60. Defendants' conduct, as alleged above, causes and is likely to cause consumer confusion as to, and misrepresents, the origin, quality, characteristics, and source of its products and Plaintiff's products/services.

61. As such, Defendants' conduct constitutes deceptive trade practices in violation of the Illinois Uniform Deceptive Trade Practices Act, 815 ILCS 510/1, *et. seq.*

62. Upon information and belief, by its acts, Defendants made and will make substantial profits and gains to which it is not in law or equity entitled.

63. By reason of Defendants' acts as alleged above, Plaintiff has suffered and will continue to suffer damage and injury to its business, reputation, good will and ability to obtain contracts with third parties in the future, and will sustain serious loss to the distinctive quality of its famous Marks.

64. Unless Defendants are enjoined from their wrongful conduct, Plaintiff will continue to suffer irreparable injury and harm, for which Plaintiff has no adequate remedy at law.

## COUNT VI: ILLINOIS CONSUMER FRAUD AND DECEPTIVE BUSINESS PRACTICES

65. Plaintiff hereby realleges and reaffirms paragraphs 1 through 62 of this complaint, as if the same were herein set forth verbatim.

66. Upon information and belief, Defendants used, continue to use, and intend to continue to use Plaintiff's Marks without permission, and willfully, knowingly, and intentionally violate Plaintiff's rights by their unauthorized use of the Plaintiff's Marks in a such a way to falsely suggest to the consuming public that there exists an association or affiliation between Plaintiff and Defendants services and/or that Plaintiff has sponsored or endorsed Defendants' sale of services.

67. Defendants' conduct, as alleged above, causes and is likely to cause consumer confusion as to, and misrepresents, the origin, quality, characteristics, and source of its products and/or services of Plaintiff.

68. As such, defendant's conduct constitutes deceptive trade practices in violation of the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/1, *et. seq.*

69. Upon information and belief, by its acts, defendant has made and will make substantial profits and gains to which it is not in law or equity entitled.

70. By reason of Defendants' acts as alleged above, Plaintiff has suffered and will continue to suffer damage and injury to its business, reputation, good will and ability to obtain contracts with third parties in the future, and will sustain serious loss to the distinctive quality of its famous Marks.

71. Unless Defendants are enjoined from their wrongful conduct, Plaintiff will continue to suffer irreparable injury and harm, for which Plaintiff has no adequate remedy at law.

### COUNT VII: COMMON LAW TRADEMARK INFRINGEMENT

72. Plaintiff hereby realleges and reaffirms paragraphs 1 through 69 of this complaint, as if the same were herein set forth verbatim.

73. Upon information and belief, Defendants used, continue to use, and intend to continue to use Plaintiff's Marks without permission, and willfully, knowingly, and intentionally violate Plaintiff's rights by their unauthorized use of the Plaintiff's Marks in a such a way to falsely suggest to the consuming

public that there exists an association or affiliation between Plaintiff and Defendants services and/or that Plaintiff has sponsored or endorsed Defendants' sale of services.

74. Defendants' conduct, as alleged above, causes and is likely to cause consumer confusion as to, and misrepresents, the origin, quality, characteristics, and source of its products and/or services of Plaintiff.

75. As such, defendant's conduct constitutes unfair competition and trademark infringement in violation of the common law of Illinois.

76. Upon information and belief, by its acts, defendant has made and will make substantial profits and gains to which it is not in law or equity entitled.

77. By reason of Defendants' acts as alleged above, Plaintiff has suffered and will continue to suffer damage and injury to its business, reputation, good will and ability to obtain contracts with third parties in the future, and will sustain serious loss to the distinctive quality of its famous Marks.

78. Unless defendant is enjoined from their wrongful conduct, Plaintiff will continue to suffer irreparable injury and harm, for which Plaintiff has no adequate remedy at law.

## COUNT VIII: BREACH OF CONTRACTS

79. Plaintiff hereby realleges and reaffirms paragraphs 1 through 74 of this complaint, as if the same were herein set forth verbatim.

80. Although Plaintiff met its obligations under the June 12, 2012 contract, Defendant Patel failed to meet its obligations.

81. Defendant Patel's failure to meet its obligations under the June 12, 2012 contract constitutes a material breach of said contracts to which Plaintiff should be made whole.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Perfect Brow Art, Inc., respectfully requests that the Court:

 A. Find that the Defendants have violated Section 32 of the Lanham Act (15 U.S.C. §1114); Section 43(a) of the Lanham Act (15 U.S.C. § 1125(a)); and Section 43(c) of the Lanham Act (15 U.S.C. § 1125(c)); (ii) defendant has engaged in deceptive acts and practices under Illinois Uniform Deceptive Trade Practices Act (815 ILCS 510/1 *et. seq.*); (iii) defendant has violated the Illinois Consumer Fraud and Deceptive Business Practices Act, (815 ILCS 505/1 *et. seq.*); and (iv) defendant has engaged in trademark infringement and unfair competition under the common law of Illinois;

 B. Grant an injunction permanently enjoining and restraining the defendant, its agents, servants, employees, successors and assigns, and all those acting in concert or participation with it, from:

  a. Manufacturing, producing, distributing, circulating, selling, offering for sale, advertising, promoting, using or displaying hair removal services in the nature of facial and body threading or any other product or services using any mark confusingly similar to Plaintiff's Marks; and

  b. making any statement or representation whatsoever, or using any false or misleading descriptions or representations of fact in connection with the manufacture, production, distribution, circulation, sale, offering for sale, advertising, promotion, use or display of hair removal services in the nature of facial and body threading or any other product or services using any mark confusingly similar to Plaintiff's Marks; and

  c. engaging in any other activity constituting infringement of Plaintiff's Marks, or unfair competition with Plaintiff.

 C. Direct that defendant, at its own expense, recall all of its product and marketing, promotional, and advertising material, which bears or incorporates the Plaintiff's Marks, or any designations confusingly similar to Plaintiff's Marks.

D.   Require defendant to deliver to Plaintiff's attorneys or representatives for destruction or other disposition all remaining products, labels, signs, prints, and advertisements in its possession or under its control bearing the Plaintiff's Marks, or any designations confusingly similar to Plaintiff's Marks;

E.   Direct that defendant file with the Court and serve on the Plaintiff's counsel a report in writing and under oath setting forth in detail the manner in which it has complied with any temporary restraining order, or preliminary or permanent injunction entered herein within thirty (30) days of receipt of service of any such order or injunction;

F.   Order an accounting of Defendants' profits and award Plaintiff its actual and/or statutory damages including increased damages for willful violation of rights.

G.   An award of damages of the actual loss caused by the misappropriation of Plaintiff's Trade Secrets and the unjust enrichment caused by the misappropriation under 765 ILCS 1065/4(a);

H.   An exemplary award of damages for the willful and malicious misappropriation of Plaintiff's Trade Secrets under 765 ILCS 1065/4(b).

I.   Direct that defendant account to and pay over to Plaintiff all profits realized by its wrongful acts in violation of breach of contracts, 15 U.S.C. § 1125, 815 ILCS 510/1 *et. seq.*, 815 ILCS 505/1 *et. seq.*, and other applicable laws.

J.   Direct that such profits be trebled in accordance with Section 35 of the Lanham Act (15 U.S.C. § 1117) for the willful and wanton nature of Defendants' acts.

K.   At its election, award Plaintiff statutory damages in accordance with Section 35 of the Lanham Act (15 U.S.C. § 1117).

L.   Award Plaintiffs its costs and attorney's fees and investigatory fees and expenses to the full extent provided for by Section 35 of the Lanham Act (15 U.S.C. § 1117).

M.  Direct such other relief as the Court may deem appropriate to prevent the public from being misled or deceived.

N.  Find that the Defendants have breached its contract with the Plaintiff and as such, award general compensatory damages, statutory damages, punitive damages, and attorney's fees and costs in this action to the Plaintiff as a matter of law.

O.  Grant to Plaintiff such other and further relief as may be just and appropriate.

**JURY DEMAND**

Plaintiff, Perfect Brow Art, Inc., demands a trial by jury of all issues triable to a jury in the above action.

Respectfully submitted,

PERFECT BROW ART, INC.

Date:   June 14, 2018           By:     /s/ Michele S. Katz
                                        One of its attorneys
                                        Michele S. Katz, Esq.
                                        Advitam IP, LLC
                                        150 South Wacker Drive
                                        Suite 2400
                                        Chicago, IL 60606
                                        Phone: (312) 332-7710
                                        Fax:    (312) 332-7701
                                        mkatz@advitamip.com